UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS,<br><br>  Plaintiff,<br><br> v.<br><br>SOLANO STATE PRISON, *et al.*,<br><br>  Defendants. | Case No. 2:24-cv-2802-JDP (P)<br><br>ORDER |

Plaintiff brings this action against defendants Solano State Prison, Warden Jason Schultz, C. Pangelinan, Abstrak, Tibbado, and Drenias. The specifics of his claims are difficult to understand, but he appears to allege that his rights were violated because defendants changed the way his good-time credits were calculated to his detriment. This claim, as articulated, is non-cognizable. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that his due process rights were violated when his good-time credits were not calculated correctly. ECF No. 15 at 3. He attributes the incorrect calculation to racism and retaliation. *Id.* He claims that he has noticed that many African-American inmates have an issue with incorrect good-time calculations, but he offers no specifics as to how he knows this, whether all the African-American inmates in question have the same issues, or how each defendant is allegedly involved. *Id.* at 6. Similarly, his claims of retaliation fail to identify each defendant's involvement or specific instances of retaliation. At most, plaintiff alleges only legal conclusions

against individual defendants. For instance, he claims that defendant Pangelinan "maliciously and savagely" refused to correctly calculate his credits due to "prejudice, bias, [and] racism," but does not explain either how the credits were calculated incorrectly or how he knows Pangelinan was improperly motivated. *Id.* at 10. Plaintiff's complaint also suffers from a lack of organization; he is advised that grouping his claims by defendant will enable the reader to better understand what wrongdoing each is being accused of.

Plaintiff may file an amended complaint that remedies these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 15, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 30, 2025                             _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

3