UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-2802-JDP (P)<br><br><br>ORDER |

Plaintiff brings his amended complaint against defendants Solano State Prison, Warden Janan Cavagnolo, C. Pangellan, Abstrak, and Carly Hall.  As before, he alleges that his rights were violated because defendants changed the way his good-time credits were calculated to his detriment.  I find that plaintiff cannot proceed with this claim in a section 1983 action and will dismiss his complaint with leave to amend.  This will be plaintiff's final opportunity to amend.

**Screening Order**

**I.　　Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **II.    Analysis**

21 Plaintiff alleges that his due process rights were violated when his good-time credits were
22 not calculated correctly.  ECF No. 17 at 3.  He alleges that the incorrect calculation of his credits
23 has prolonged his incarceration by three years, *id.* at 9, and he seeks money damages, *id.* at 6.
24 These claims cannot proceed in this section 1983 action unless plaintiff's conviction is first
25 overturned.  *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("Where success in a prisoner's
26 [civil rights] damages action would implicitly question the validity of conviction or duration of
27 sentence, the litigant must first achieve favorable termination of his available state, or federal
28 habeas, opportunities to challenge the underlying conviction or sentence.").

    Plaintiff may file an amended complaint that addresses this issue.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

    Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 17, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   July 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE