UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLANO STATE PRISON, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-2802-JDP (P)<br><br>ORDER TO SHOW CAUSE |

On July 13, 2025, I screened plaintiff's complaint and notified him that it did not state a claim. ECF No. 18. I ordered him to file, within thirty days, either an amended complaint or a voluntary notice of dismissal. *Id.* The deadline has passed without word from plaintiff.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his

1

failure to comply with the July 30 order. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:    September 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE